# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

ROCKY WHITE, )
      Plaintiff, )
vs. ) CASE NO.:
)
LORI VINCENT, JANELLE )
VELASQUEZ, and BRETT )
VINCENT, )
)
      Defendants. )

## COMPLAINT

COMES NOW, the Plaintiff, ROCKY WHITE (hereinafter referred to as "Plaintiff"), by and through the undersigned counsel, and sues LORI VINCENT, JANELLE VELASQUEZ, and BRETT VINCENT (hereinafter referred to as "Defendants") and allege:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. §§ 206, 207, and 216(b), which provides that suit under the Federal Labor Standards Act (hereinafter "FLSA") "may be maintained against any employer…in any Federal or State court of competent jurisdiction."

2. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §1331.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) as the Defendants reside in and/or do business within this District. In addition, a substantial part of the events and omissions giving rise to the claims pleaded in this Complaint occurred within this District.

## PARTIES

4. Plaintiff, ROCKY WHITE, is a resident of the State of Florida and worked for the Defendants, in Pensacola, Florida, and in surrounding areas of the District during the three (3) years before the date on which this Complaint was filed.

5. Plaintiff, ROCKY WHITE, worked for the Defendants as a sales representative in and around Pensacola, Escambia County, Florida.

6. Defendant, LORI VINCENT is a resident of the State of Florida and is the owner, operator, officer, managing member, and/or is otherwise a management employee of SOUTHERN AIR SOLUTIONS.

7. Defendant, JANELLE VELASQUEZ is a resident of the State of Florida and is the owner, operator, officer, managing member, and/or is otherwise a management employee of SOUTHERN AIR SOLUTIONS.

8. Defendant, BRETT VINCENT is a resident of the State of Florida and is the owner, operator, officer, managing member, and/or is otherwise a management employee of SOUTHERN AIR SOLUTIONS.

9. SOUTHERN AIR SOLUTIONS is a non-business entity that sells and distributes vacuum cleaners.

10. LORI VINCENT, JANELLE VELASQUEZ, and BRETT VINCENT, regardless of titles, each jointly and individually operated SOUTHERN AIR SOLUTIONS and maintained an office in Florida to sell vacuums and solicit potential customers.

## FACTUAL ALLEGATIONS

11. The Defendant, LORI VINCENT, is an employer and enterprise engaged in interstate commerce.

12. The Defendant, JANELLE VELASQUEZ, is an employer and enterprise engaged in interstate commerce.

13. The Defendant, BRETT VINCENT, is an employer and enterprise engaged in interstate commerce.

14. The Defendants, as part of its business, would transact in interstate commerce including processing credit cards which are instruments of interstate commerce, transacting business with foreign corporations which were part of interstate commerce, by purchasing products, office equipment, materials, parts, and supplies from dealers, wholesalers, and suppliers out of state which were part of interstate commerce, by advertising on the World

Wide Web to potential clients outside the State of Florida, and by transacting business across state lines, all of which are part of interstate commerce.

15. The Defendants' operations, practices, policies and procedures, including those with respect to compensation, are highly integrated and interdependent such that the Defendants constitute a single and/or joint employer under the law.

16. The Defendant, LORI VINCENT, has annual revenue of at least five hundred thousand dollars ($500,000.00).

17. The Defendant, JANELLE VELASQUEZ, has annual revenue of at least five hundred thousand dollars ($500,000.00).

18. The Defendant, BRETT VINCENT, has annual revenue of at least five hundred thousand dollars ($500,000.00).

19. Alternatively, if any defendant does not have annual sales of five hundred thousand dollars ($500,000.00), then the total annual revenue of all the Defendants combined is at least five hundred thousand dollars ($500,000.00).

20. The Defendants control the day to day operations of SOUTHERN AIR SOLUTIONS and are actively involved in the day to day operations of SOUTHERN AIR SOLUTIONS including matters concerning hiring, firing,

payroll, setting policies, making procedures, setting goals and quotas, marketing, setting product pricing, and other business operations.

21. Defendants supervise the operations of SOUTHERN AIR SOLUTIONS, including hiring and firing employees, setting work schedules for the employees, and providing work assignments for employees.

22. At all times material herein, the Plaintiff was an employee of Defendant, LORI VINCENT, within the meaning of the Act, 29 U.S.C. § 203(e)(1).

23. At all times material herein, the Plaintiff was an employee of Defendant, JANELLE VELASQUEZ, within meaning of the Act, 29 U.S.C. § 203(e)(1).

24. At all times material herein, the Plaintiff was an employee of Defendant, BRETT VINCENT, within the meaning of the Act, 29 U.S.C. § 203(e)(1).

25. Defendants, at all times material, are the "employers" of the Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

26. Alternatively, the Plaintiff was an individual who was directly and individually involved in interstate commerce as a result of his employment with Defendants.

27. The Defendants controlled the Plaintiff's day to day activities, supervised, or had operational control over the Plaintiff.

28. At all times material herein, the Defendants each controlled the Plaintiff's day to day activities, supervised, and/or had operational control over the Plaintiff. The Defendants each were responsible for hiring the Plaintiff, having the ability to terminate the Plaintiff, setting the Plaintiff's rate of pay, determining if the minimum wage or overtime was to be paid, determining if commission(s) were to be paid, setting the Plaintiff's work schedule including the number of days and hours worked, determining and assigning the Plaintiff's work duties, and supervising the Plaintiff.

29. The Defendants, each and jointly, had operational control over the Plaintiff.

30. For instance, the Defendant instructed the Plaintiff on what time to report to work and what his schedule(s) would be.

31. The Plaintiff was an employee as defined under the meaning of FLSA.

32. The Plaintiff was a "non-exempt" employee of the Defendants.

33. The Defendants improperly classified the Plaintiff as an independent contractor.

34. The Plaintiff was not a salaried employee, but rather was paid on a commission basis by the Defendants.

35. The Plaintiff worked the number of hours required of him by the Defendants, but was not paid for each and every hour worked during a work week.

36. The Defendants permitted the Plaintiff to work for them but did not pay them for all work that he performed for the Defendants.

37. The FLSA mandates that an employer pay any employee at least the minimum wage for each hour worked.

38. The Plaintiff regularly worked for the Defendants but was not paid at least the Federal Minimum Wage for each hour worked as required by the FLSA.

39. The FLSA mandates an employer pay its employees time and a half for each and every hour worked in excess of forty (40) hours in a work week.

40. The Plaintiff regularly worked over forty (40) hours in a work week for the Defendants, but was not paid overtime compensation at the proper overtime rate by the Defendants for those hours worked over forty (40) in a work week.

41. The Defendants were aware that the Plaintiff worked in excess of forty (40) hours in a work week.

42. Plaintiff was not paid overtime compensation for each and every hour that he worked over forty (40) hours in a work week.

43. Defendants knew and were aware at all times that Plaintiff regularly worked more than forty (40) hours per week without overtime compensation.

44. Plaintiff was entitled to be paid at a rate one and one-half (1 ½) times his regular hourly rate for each hour worked in excess of forty in a work-week.

45. Defendants failed and refused to properly compensate Plaintiff at the proper overtime rate for each hour worked in excess of forty (40) in a work-week.

46. The Defendants are each and jointly involved with paying the Plaintiff.

47. The Defendants' actions in failing and/or refusing to pay the Plaintiff the applicable minimum wage or overtime compensation, as required by the FLSA, were willful and not in good faith.

48. Plaintiff has retained the undersigned attorneys and is obligated to pay them a reasonable fee for their services pursuant to the FLSA.

## COUNT I – FAILURE TO PAY MINIMUM WAGE UNDER THE FLSA

49. Plaintiff, ROCKY WHITE, re-alleges and incorporates paragraphs one (1) through forty-eight (48) above as if fully set forth herein.

50. Plaintiff, ROCKY WHITE, at all times material, was an employee of the Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e).

51. The Defendants, at all times material, were Plaintiff's employers within the meaning of the FLSA, 29 U.S.C. § 203(d).

52. The Defendants are employers and enterprises engaged in interstate commerce and are subject to the FLSA.

53. The Defendants hired the Plaintiff on or about December 14, 2016 to work for them at Southern Air Solutions, located at 7201 North 9th Avenue, Pensacola, FL 32504.

54. The Plaintiff worked for the Defendants at their sales and/or distribution office in Pensacola, Florida and in the surrounding areas from approximately December 14, 2016 through January 6, 2017.

55. During his time as an employee of the Defendants, the Plaintiff worked as and performed the essential duties of, but not limited to, a sales representative.

56. The FLSA mandates an employer pay its employees at least the federal minimum wage for each hour worked. 29 U.S.C. § 206(a).

57. The Plaintiff regularly worked for the Defendants but was not paid at least the Federal Minimum Wage for each hour worked as required by the FLSA.

58. Defendants failed and refused to compensate Plaintiff at the minimum hourly wage for each and every hour worked as required under the FLSA.

59. The Defendants were aware they had suffered and permitted the Plaintiff to work without proper compensation for minimum wages under the FLSA.

60. The Defendants knew, or showed reckless disregard for the fact, that their failure to pay the Plaintiff as alleged herein was in violation of the FLSA.

61. The Defendants' practice of failing to pay Plaintiff the appropriate minimum wage due him violated the provisions of the FLSA, *see* 29 U.S.C. §206. As a result of the Defendants' unlawful practice, the Plaintiff has suffered unpaid wages.

62. The actions of the Defendants complained of herein were willful within the meaning of 29 U.S.C. § 216(b).

63. Because of Defendants' actions, the Plaintiff had to retain counsel and is entitled to recover his attorneys' fees and costs connected with this suit.

64. As a result of the unlawful acts of the Defendants, the Plaintiff has been deprived of compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs and other compensation.

**WHEREFORE**, the Plaintiff, ROCKY WHITE, prays that this Honorable Court:

A. Declare the Plaintiff is an employee of the Defendants, within the meaning of and for the purposes of the FLSA, and was improperly and intentionally classified as an "independent contractor" by the Defendants.

B. Enter judgment for the Plaintiff and against the Defendants on the basis of Defendants' willful violations of the minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. §206, as to the Plaintiff;

C. Enter judgment for the Plaintiff declaring that the Defendants violated the minimum wage provisions of the Fair Labor Standards Act and

enjoining the Defendants from refusing to pay minimum wages, as required by the FLSA, to Plaintiff or other employees in the future;

D. Award Plaintiff actual and compensatory damages in the amount shown to be due for unpaid minimum wages;

E. Award Plaintiff an equal amount in liquidated damages;

F. Award Plaintiff reasonable attorney's fees and costs of suit; and

G. Grant such other and further relief as this Court deems equitable and just.

## COUNT II – FAILURE TO PAY OVERTIME UNDER THE FLSA

65. Plaintiff, ROCKY WHITE, re-alleges and incorporates paragraphs one (1) through forty-eight (48) above as if fully set forth herein.

66. Plaintiff, ROCKY WHITE, at all times material, was an employee of the Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e).

67. The Defendants, at all times material, were the Plaintiff's employers within the meaning of the FLSA, 29 U.S.C. § 203(d).

68. The Defendants are employers and enterprises engaged in interstate commerce and are subject to the FLSA.

69. The Defendants hired Plaintiff on or about December 14, 2016 to work for them at Southern Air Solutions, located at 7201 North 9th Avenue, Pensacola, FL 32504.

70. The Plaintiff worked for the Defendants at their sales and/or distribution office in Pensacola, Florida and in the surrounding areas from approximately December 14, 2016 through January 6, 2017.

71. During his time as an employee of the Defendants, the Plaintiff worked as and performed the essential duties of, but not limited to, a sales representative.

72. On average, the Plaintiff worked approximately fifty-four (54) hours per week for the Defendants.

73. Section 207(a)(1) of the FLSA prohibits an employer from employing its non-exempt employees for a workweek longer than forty hours, unless such employee receives compensation for all hours he or she is employed in excess of forty hours at a rate not less than one and one-half times the regular rate of pay.

74. The Defendants employed Plaintiff in excess of forty (40) hours in each work week without paying him at a rate of one and one half (1 ½) times his regular rate of pay for all hours worked in excess of forty in a work week as required by the FLSA, and thus have violated the Plaintiff's rights under § 207 of the FLSA.

75. The Plaintiff was not exempt from receiving overtime compensation under the FLSA.

76. As a consequence of the Defendants' violation of the FLSA, the Plaintiff is entitled to one and one half (1 ½) times his regular rate of pay for all hours he worked in excess of 40 hours for each week he was employed by the Defendants and for which he was not paid one and one half times (1 ½) his regular rate.

77. The actions of the Defendants complained of herein were willful within the meaning of 29 U.S.C. § 216(b).

78. Because of Defendants' actions, Plaintiff has had to retain counsel and is entitled to recover his attorneys' fees and costs connected with this suit.

79. As a result of the unlawful acts of the Defendants, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs and other compensation.

**WHEREFORE**, the Plaintiff, ROCKY WHITE, prays that this Honorable Court:

　　A. Declare the Plaintiff is an employee of the Defendants, within the meaning of and for the purposes of the FLSA, and was improperly and intentionally classified as an "independent contractor" by the Defendants.

B. Enter judgment for the Plaintiff and against the Defendants on the basis of Defendants' willful violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §207, as to the Plaintiff;

C. Enter judgment for the Plaintiff declaring that the Defendants violated the overtime provisions of the Fair Labor Standards Act and enjoining the Defendants from refusing to pay overtime compensation, as required by the FLSA, to Plaintiff or other employees in the future;

D. Award Plaintiff actual and compensatory damages in the amount shown to be due for unpaid overtime compensation;

E. Award Plaintiff an equal amount in liquidated damages;

F. Award Plaintiff reasonable attorney's fees and costs of suit; and

G. Grant such other and further relief as this Court deems equitable and just.

## COUNT III – BREACH OF CONTRACT

80. Plaintiff, ROCKY WHITE, re-alleges and incorporates paragraphs one (1) through forty-eight (48) above as if fully set forth herein.

81. The Defendants hired the Plaintiff on or about December 14, 2016 to work for them at Southern Air Solutions, located at 7201 North 9th Avenue, Pensacola, FL 32504.

82. The Plaintiff was an employee of the Defendants, but was misclassified by the Defendants as an independent contractor.

83. The Plaintiff worked for the Defendants at their sales and/or distribution office in Pensacola, Florida and in the surrounding areas from approximately December 14, 2016 through January 6, 2017.

84. While employed with the Defendants, the Plaintiff operated under the Defendants' employment agreement/contract that agreed to pay the Plaintiff commission for sales he obtained/secured for the Defendants.

85. The Plaintiff was only paid by the Defendants through the aforementioned commission from his and/or his team's sales secured for the Defendants.

86. The Defendants agreed to pay the Plaintiff under the employment agreement for work performed and/or sales secured.

87. The Plaintiff's job responsibilities and duties, at all times, met at least a satisfactory level.

88. All conditions precedent under the agreement have been met.

89. The Defendants breached the employment agreement/contract entered into with the Plaintiff in that they failed to pay the Plaintiff the commission and monies earned and due under the agreement/contract.

90. The Defendants' failure to pay the Plaintiff all of his commission and monies due was a material breach of the employment agreement/contract.

91. At all times, Plaintiff was in full compliance of the contract and committed no material breach.

92. As a result of the Defendants' breach, Plaintiff has been deprived of money owed in an amount to be determined at trial, and is entitled to recovery of such amounts.

93. Because of the Defendants' actions, the Plaintiff has retained counsel and pursuant to Florida Statute 448.08, the Plaintiff is entitled to the cost of this action plus reasonable attorneys' fees.

**WHEREFORE**, the Plaintiff, ROCKY WHITE, prays this Honorable Court:

A. Declare that the Defendants, LORI VINCENT, JANELLE VELASQUEZ, and BRETT VINCENT breached the employment agreement/contract with the Plaintiff;

B. Award all damages that flowed from this material breach to be proven at trial;

C. Award the Plaintiff the cost of this action and reasonable attorneys' fees; and

D. Grant such other and further relief as this Court deems equitable and just.

## COUNT IV – VIOLATION OF 26 U.S.C. § 7434

94. Plaintiff, ROCKY WHITE, re-alleges and incorporates paragraphs one (1)

through forty-eight (48) above as if fully set forth and referenced herein.

95. The Defendants each had an obligation to provide correct information returns to the IRS and to the Plaintiff.

96. The Defendants served/filed or caused to be served/filed knowingly false annual tax returns for the 2016 calendar year by misclassifying Plaintiff and/or failing to properly identify him as an employee and pay the required employment taxes on his behalf.

97. The Defendants served/filed or caused to be served/filed knowingly false IRS Form 941 quarterly tax returns for the relevant quarters of tax year 2016 by misclassifying Plaintiff and/or failing to properly identify him as an employee and pay the required employment taxes on his behalf.

98. The Defendants provided payroll to Plaintiff and are directly responsible for the issuance of paychecks to Plaintiff, calculations of withholdings from Plaintiff's pay, the payment of taxes to the IRS, the preparation of their annual income tax returns, the preparation and filing of Form 941's, and the filing of information returns on their own behalf.

99. Plaintiff suffered damages as a result of Defendants' willful provision of false information returns, including the overpayment of taxes as an independent contractor, the failure to receive the require contribution to his taxes by his employers, the lack of a contribution to social security, and the

like, as a result of Defendants' intentional and willful acts as described above.

100. Section 7434 of 26 U.S.C. provides, in pertinent part, as follows:

> **(a) In general**
> If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return.
>
> **(b) Damages**
> In any action brought under subsection (a), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the greater of $5,000 or the sum of—
>
> 1. any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing),
>
> 2. the costs of the action, and
>
> 3. in the court's discretion, reasonable attorneys' fees.

**WHEREFORE**, Plaintiff prays this Court enter Judgment on this Complaint in his favor, and:

    A.    That Plaintiff recover the greater of $5,000.00 for each fraudulent information return filed by Defendants for each year during the past six (6) years or the damages proximately caused by Defendants' conduct for each year during the past six (6) years;

B.  That Plaintiff recover an award of reasonable attorney's fees, costs, and expenses pursuant to 26 U.S.C. §7434;

C.  That Plaintiff recover all interest allowed by law; and

D.  Such other and further relief as the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

DATED this 20th day of February, 2017.

        Respectfully submitted,

        */s/ Jeremiah J. Talbott*
        JEREMIAH J. TALBOTT, ESQ.
        Fla. Bar No. 015484
        BRADLEY S. LARSEN, ESQ.
        Fla. Bar No. 0114100
        Law Office of Jeremiah J. Talbott, P.A.
        900 East Moreno Street
        Pensacola, FL  32503
        (850) 437-9600 / (850) 437-0906 (fax)
        jjtalbott@talbottlawfirm.com;
        brad@talbottlawfirm.com
        *Attorneys for Plaintiffs*